UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GUY McEACHIN,

                              Plaintiff,

     vs.                                          9:06-CV-1489
                                                           (GLS/GJD)
RICHARD DREFUS, Education
Supervisor,

                              Defendant.
_____

GUY McEACHIN
Plaintiff pro se
GERALD J. ROCK, Asst. Attorney General
Attorney for Defendants

GARY L. SHARPE, United States District Judge

## MEMORANDUM DECISION and ORDER

In this civil rights complaint, plaintiff alleges that defendant violated plaintiff's right to due process in a disciplinary hearing over which defendant presided. (Dkt. No. 1). Plaintiff seeks injunctive as well as substantial monetary relief. Presently before the court is defendant's motion to dismiss this complaint pursuant to FED. R. CIV. P. 12(b)(6). (Dkt. No. 12). Plaintiff has responded in opposition to the motion. (Dkt. No. 13[1], 16). Defendant has filed reply

---

[1] The court notes that the docket sheet indicates that this response was "Stricken" from the record. The only reason that the document was stricken was because plaintiff had improperly labeled it as a "motion." The order striking this document also stated that it was to be refiled as plaintiff's "response" to the motion to dismiss. (Dkt. No. 15). On May 10, 2007, a "Response" was filed by plaintiff, but this was a different document, containing different arguments than in docket number 13. Docket Number 13 was never re-filed as ordered in Docket Number 15. There may have been some confusion since plaintiff submitted a new document that was received by the court on the same day that the court ordered the re-filing of Docket Number 13. In any event, in an abundance of caution and due to the liberality with

memoranda. (Dkt. Nos. 14, 17). For the following reasons, this court agrees with defendant and will dismiss plaintiff's complaint with prejudice.

## DISCUSSION

**1.    Motion to Dismiss**

A court may not dismiss an action pursuant to Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994) (citing *inter alia Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The court must accept the material facts alleged in the complaint as true. *Id.* (citing *Cooper v. Pate,* 378 U.S. 546 (1964)(per curiam)). In determining whether a complaint states a cause of action, great liberality is afforded to *pro se* litigants. *Platsky v. Central Intelligence Agency*, 953 F.2d 26, 28 (2d Cir. 1991)(citation omitted). When considering a motion to dismiss for failure to state a claim, the court may consider the complaint, together with any documents attached as exhibits or incorporated by reference. *See Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1998).

**2.    Facts**

Plaintiff claims that his constitutional rights were violated as the result of a disciplinary hearing held against him on July 31, 2003. Complaint ¶ 9 (Dkt. No. 1).

---

which pro se actions are treated, this court will consider both of plaintiff's submissions in opposition to the motion to dismiss.

Plaintiff names Richard Drefus, as the only defendant in this action. Mr. Drefus was the hearing officer who presided over plaintiff's disciplinary hearing. Plaintiff claims that because defendant Drefus was the "Education Supervisor," he was not qualified to preside over a disciplinary hearing, and that his assignment to do so was in violation of the New York State Civil Service Law. *Id.* In a separate section of the complaint, plaintiff also alleges that defendant Drefus denied plaintiff various due process rights during the hearing. Complaint ¶¶ 15(a)-15(e), 23-27.

Plaintiff states that defendant Drefus found plaintiff guilty of the misbehavior and sentenced plaintiff to twelve months in the Special Housing Unit, twelve months loss of various privileges, and recommended a twelve month loss of good time. Complaint ¶ 9. Plaintiff states that he appealed this disciplinary determination, and that it was reversed on November 6, 2003.

3.  **Statute of Limitations**

Federal courts borrow the state law personal injury statute of limitations period for purposes of filing section 1983 actions. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). In New York State, the relevant limitations period is three years. *Owens v. Okure*, 488 U.S. 235, 250-51 (1989). *See* N.Y. CIV. PRAC. L & R. § 214(5). Thus, unless the limitations period is tolled for some reason, a plaintiff must file his section 1983 civil rights action within three years of the accrual of each cause of action.

Federal law, however, governs the question of when a section 1983 claim

3

accrues. *Covington v. City of New York*, 171 F.3d 117, 121 (2d Cir. 1999)(citing *Morse v. University of Vermont*, 973 F.2d 122, 125 (2d Cir. 1992)), *cert. denied*, 120 S. Ct. 363 (1999). Generally, under federal law, a cause of action accrues when "the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir. 1980)(internal quotation marks omitted)).

In this case, plaintiff is challenging the determination of a prison disciplinary proceeding in which he suffered a recommended loss of good time as the result of the disciplinary determination. The Second Circuit has held that if the length of a plaintiff's confinement is affected by the result of a disciplinary hearing, the plaintiff's cause of action does not accrue until the guilty determination is reversed. *Black v. Coughlin*, 76 F.3d 72, 75 (2d Cir. 1996). This favorable termination requirement does not apply when the sanction does not impact plaintiff's term of confinement. *See Jenkins v. Haubert*, 179 F.3d 19, 27 (2d Cir. 1999), *accord Peralta v. Vasquez*, 467 F.3d 98, 104 (2d Cir. 2006). Because plaintiff in this case suffered a recommended loss of good time, his cause of action accrued on November 6, 2003,[2] when he states that the disciplinary determination was reversed on appeal. Thus, the statute of limitations in this case would have expired on November 6, 2006, three years from the date of acual.

---

[2] This court has no documentation supporting this date, however, because this is a motion to dismiss, the court assumes that the statements in plaintiff's complaint are true.

4

### A.  The "Prison Mailbox Rule"

The actual filing date of this action was December 13, 2006, clearly beyond the three year statute of limitations. (Dkt. No. 1).  However, the Supreme Court held that an inmate's papers may be deemed "filed" at the moment of delivery to prison authorities for forwarding to the district court. *Houston v. Lack*, 487 U.S. 266 (1988).  The inmate in *Houston* was attempting to file a notice of appeal. *Id.* This rule became known as the "prison mailbox rule," and has been applied to inmates filing complaints for purposes of the statute of limitations. *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *modified on other grounds*, 25 F.3d 81 (2d Cir. 1994).  The Second Circuit has also held that when the delay is not attributable to mail in the prison system or to prison officials, the "prison mailbox rule" does not apply. *Walker v. Jastremski*, 430 F.3d 560, 561-64 (2d Cir. 2005).

Plaintiff recognized that his complaint was not timely.  He wrote a cover letter to the court, stating that the delay was due to the "Attica C.F. Inmate Accounts Office" returning plaintiff's application to proceed *in forma pauperis*. (Dkt. No. 4).  Even giving plaintiff the benefit of the "prison mailbox rule," he has not filed this action within the three year statute of limitations.  Although the complaint is signed on November 5, 2006, the cover-letter is not dated until December 5, 2006.  Thus, the earliest that plaintiff could have given these documents to the prison officials for mailing is December 5, 2006, well beyond the

November 6, 2006 expiration of the statute of limitations.[3]  The prison mailbox rule, therefore does not help plaintiff in this case.

### B.  Equitable Tolling

The plaintiff's cover-letter to the court seems to acknowledge that the complaint is untimely, but requests that the court "accept this action as timely . . . ." (Dkt. No. 4).  Plaintiff's letter seems to blame the correctional facility's delay in returning plaintiff's application to proceed *in forma pauperis*. (Dkt. No. 4).  In plaintiff's second memorandum of law, he specifically argues that the court should excuse his untimely filing because of the facility's delay. (Dkt. No. 15).  Plaintiff has attached to his memorandum of law, a letter that he sent to the "Clerk" in July of 2006; a memorandum to the Superintendent, dated July 18, 2006; and two memoranda addressed to the Inmate Account Office, one dated July 18, 2006 and the other dated June 26, 2006. (Dkt. No. 15, Exhibits A-D).  This court has examined the documents further and has considered whether equitable tolling should apply in his case.

Courts have applied equitable tolling "only in 'rare and exceptional circumstances.'" *Walker*, 430 F.3d at 564 (quoting *Doe v. Menefee*, 391 F.3d 159

---

[3] In his first memorandum of law opposing defendant's motion, plaintiff claims that he "placed his complaint in the facility Mailbox" on November 5, 2006. (Dkt. No. 13, Memorandum at p.2).  This cannot be true since plaintiff's cover letter to the court is dated December 5, 2006, and his application to proceed *in forma pauperis* is not even dated until November 10, 2006.  This argument was not included in plaintiff's second memorandum of law, so it is unclear whether he abandoned the argument.  In any event, the court simply notes that plaintiff's statement of when he gave his complaint to the prison officials for mailing is completely inconsistent with the documents in the record.

(2d Cir. 2004)).  In order to apply equitable tolling, the court must find that "extraordinary circumstances" prevented the plaintiff from performing the required act, and that plaintiff acted "with reasonable diligence" during the period that he seeks to toll. *Id.* (internal quotation marks omitted).

First, it is unclear what time petitioner would have the court "equitably toll." Plaintiff alleges that the delay in filing his case occurred because the facility delayed in "returning" plaintiff's *in forma pauperis* application.  Unfortunately for plaintiff in this case, he did not even sign and send his *in forma pauperis* application to the facility officials for processing until November 10, 2006,[4] four days *after* the statute of limitations had run.  The facility stamped its "Certificate" on December 4, 2005.  While it may have taken the facility almost a month to return the application to plaintiff, since plaintiff did not send the application until *after* the statute of limitations had run, the delay in filing is ***not attributable to the facility***.

The letter and memoranda that plaintiff attached to his opposition papers may show that he was having trouble with the Inmate Accounts Office, but there is no indication that any of these documents relate to the action that is before the court.  Instead, as stated above, the actual documents of record in this case show that whatever time that the facility took in returning plaintiff's *in forma pauperis*

---

[4] The court has examined this date carefully, and it looks like plaintiff wrote the number "10" over a different number, containing two digits that actually began with a "2."  The court will give plaintiff the benefit of the doubt and find that he signed the application on November 10, 2006, but it is unclear, and the application may have been signed on a later date.

7

application did not contribute to plaintiff's failure to file within the statute of limitations. Extraordinary circumstances did *not* prevent plaintiff from filing this case in a timely manner.

The court would also point out that plaintiff has not acted with due diligence, and in fact, there is another action filed in the Northern District of New York by this plaintiff which shows that there is absolutely *no excuse* for plaintiff's delay.[5] In *McEachin v. Goord*, 9:06-CV-1192, filed on **October 6, 2006**, plaintiff brought almost the identical Civil Service Law and Due Process claims against various defendants relating to disciplinary hearings from as long ago as November of **2000.** (Dkt. No. 1)(06-CV-1192). Plaintiff also managed to file a lawsuit in the Western District of New York on September 8, 2006. Clearly, plaintiff was *not* acting with due diligence in bringing the claim that is before this court, and equitable tolling should *not* apply.[6] Thus, plaintiff's complaint was not timely

---

[5] Plaintiff is no stranger to the Northern District of New York or to litigation in general. A search of the Northern District database shows that plaintiff has filed eleven cases in the Northern District of New York, with five of those cases currently pending. *McEachin v. Kaufman*, 9:03-CV-1349; *McEachin v. Selsky*, 9:04-CV-1349; *McEachin v. Goord*, 9:06-CV-1192; *McEachin v. Conway*, 9:08-CV-17, and this case, *McEachin v. Drefus*, 9:06-CV-1489. The court has not listed all plaintiff's closed actions. The Northern District of New York is not the only district in which plaintiff has filed actions. *See e.g. McEachin v. Bek*, 06-CV-6453, filed September 8, 2006 in the Western District of New York.

[6] The court would also point out that on February 8, 2008, the Honorable Randolph F. Treece, United States Magistrate Judge recommended dismissal on the merits of plaintiff's Civil Service Law and Due Process claims relating to the assignment of hearing officers. *McEachin v. Goord*, 9:06-CV-1192 (N.D.N.Y. Feb. 8, 2008)(Dkt. No. 39 at pp.4-5). Thus, the court will not consider any dismissal without prejudice to plaintiff's attempting to amend his earlier action. In order to have amended 06-CV-1192 to add additional claims after the running of the statute of limitations, plaintiff would have to show that the claims related back to the original pleading under FED. R. CIV. P. 15(c)(1)(B). Plaintiff's separate due process claims regarding the hearing itself would be unrelated to the claims in plaintiff's previous action in any event.

8

filed and must be dismissed.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that defendant's motion to dismiss (Dkt. No. 12) is **GRANTED**, and the complaint is **DISMISSED WITH PREJUDICE**.

Dated: March 10, 2008

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge